# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TYRESE D. HYLES, | ) | |
|     Petitioner, | ) | Civil Action No. 7:19CV192 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MR. BRECKON, Warden, | ) | By: Norman K. Moon |
|     Respondent. | ) | Senior United States District Judge |

Tyrese D. Hyles, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He was subsequently permitted to supplement his original petition, and so the petition now consists of Dkt. Nos. 1 and 6. Pending before me are a motion to dismiss filed by Respondent (Dkt. No. 10), to which Hyles has objected (Dkt. No. 12), and eight other motions filed by Hyles seeking different types of relief. Hyles's filings also include a document docketed as "additional evidence" that relates to one of his motions to amend or correct his objections.

Respondent moves to dismiss the petition in its entirety, arguing that the court lacks jurisdiction over the petition. For the reasons set forth herein, I conclude that jurisdiction is lacking over Hyles's § 2241 petition and will therefore dismiss it without prejudice.

## I. BACKGROUND

**A.    Factual and Procedural Background**[1]

Hyles was convicted in the Eastern District of Missouri, after a jury trial, of conspiracy to commit murder-for-hire and aiding and abetting murder-for-hire in violation of 18 U.S.C. §§ 2, 1958. *United States v. Hyles*, No. 1:01-CR-00073 (E.D. Mo.). After the jury found him guilty on May 26, 2005, the case moved into the death penalty phase, and the jury recommended

---

[1] The factual background of Hyles's offense and some of this same procedural history was addressed in my prior opinion and order denying the § 2241 petition that Hyles filed in 2018. *Hyles v. Breckon*, No. 7:18-cv-183, Dkt. No. 9 (W.D. Va. Aug. 8, 2018).

life in prison without parole, instead of death. On September 9, 2005, the district court sentenced Hyles to two consecutive life sentences without parole. *Id.*, Dkt. No. 612.

Hyles appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence on March 21, 2007. *United States v. Hyles*, 479 F.3d 958 (8th Cir. 2007). His petition for rehearing and petition for rehearing *en banc* was denied, and Hyles did not file a petition for writ of certiorari to the United States Supreme Court.

In July 2009, Hyles filed a § 2255 motion, alleging that the jurisdictional federal nexus was not met for his offenses and that his trial counsel was ineffective. *Hyles v. United States*, No. 1:09-CV-00105 (E.D. Mo.). While that motion was pending, he filed other supplemental claims in that case. On May 10, 2010, the district court denied his motion as untimely because he had filed the motion more than one year after his conviction became final. *Id.*, Dkt. No. 33.

On September 30, 2013, Hyles filed a Rule 60(b) motion in the sentencing court, alleging fraud and newly discovered evidence in his original criminal action. The court declined to consider his motion, but advised Hyles that he could file a request with the Eighth Circuit to file a successive habeas petition. *Hyles*, No. 1:13-CV-143 (E.D. Mo.), Dkt. No 13. About a year later, on September 23, 2014, Hyles fled another motion asking that his sentence be reduced. Specifically, he argued that *Alleyne v. United States*, 570 U.S. 99 (2013), should be retroactively applied to his case. Concluding that *Alleyne* does not apply retroactively on collateral review, the district court denied his motion. *Hyles*, No. 1:13-CV-143, Dkt. No. 39.

Hyles then filed his first § 2241 petition with this court on April 23, 2018, attacking his conviction and sentence on various grounds and referencing *United States v. Wheeler*, 866 F.3d 415 (4th Cir. 2018). The court dismissed the petition because his challenges failed to demonstrate that any change in substantive law deemed his previous criminal act no longer criminal or his sentence fundamentally defective. *Hyles v. Breckon*, 7:18-cv-183, Dkt. No. 9

(W.D. Va. Aug. 8, 2018). His subsequent motion to reconsider was also denied. *Id.*, Dkt. No. 14 (denying Dkt. No. 13). This petition followed.

**B.      Claims in Current Petition**

Hyles lists five grounds for relief in his original petition in this case, and elaborates on them in 100 pages of argument, many of which simply state general principles of criminal or habeas law. I list the grounds here as Hyles lists them in his petition. (Dkt. No. 1 at 8.)

First, he argues that the statute of conviction, 18 U.S.C. § 1958, is unconstitutional because the elements in his case lacked a federal nexus. Second, in what appears to be a related claim, he contends that the warden is unlawfully detaining him "for lack of personal [and] territorial jurisdiction," and he references the Missouri murder statute. Third, he argues that the causation standard for his offense was clarified by *United States v. Burrage*, 571 U.S. 204 (2014), and that his conviction now is invalid under *Burrage*, for several reasons. He describes his fourth claim as "State violation unconstitutional enhancement and jurisdictional authority arguments" and refers to both the "*Surratt* and *Wheeler* tests,"[2] but this claim appears to be primarily a claim pursuant to *Alleyne v. United States*, 570 U.S. 99, 103 (2013). His fifth ground is titled "insufficiency of the evidence," and relies on *United States v. Delpit*, 94 F.3d 1134 (8th Cir. 1996). I construe one of his supplemental filings (Dkt. No. 17) as asserting what I will call his sixth ground, which is based on *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019).[3]

---

[2] The panel decision in *United States v. Surratt*, 797 F.3d 240, 257 (4th Cir. 2015) was vacated pending rehearing *en banc*. The *en banc* court dismissed the appeal as moot after *Surratt*'s sentence was commuted. *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017). In light of this history, his reliance on *Surratt* is misplaced.

[3] In the supplemental petition permitted by the court (Dkt. No. 6), Hyles includes additional claims that he summarizes as follows: "The indictment is invalid and void," the conspiracy within Section 1958 falls outside federal jurisdiction, and the words "death result" within the statute are "unconstitutionally vague." (Dkt. No. 6 at 1.) He explains that these claims are related to and clarify his arguments. I have considered his "clarified" arguments. He expressly states, however, that "these grounds . . . have nothing to do with substantial change in the law." (*Id.*) Accordingly, none of these grounds warrant further discussion in determining whether the court has jurisdiction under the savings clause to consider his petition, because, as discussed below, proceeding under § 2241 requires, at a minimum, a change in substantive law that is retroactive (or newly discovered evidence, but Hyles points to none).

## C. Hyles's Other Motions

Hyles also has filed a number of other documents, in addition to his opposition to Respondent's motion to dismiss. In light of my conclusion that Hyles cannot proceed under the savings clause and thus that I lack jurisdiction, many of these motions must be denied as moot. I touch on each of them briefly.

First, in a motion to supplement (Dkt. No. 17), Hyles seeks to add a claim based on the Fourth Circuit's 2019 decision in *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019). I will grant that motion and, as noted, have treated that claim as the sixth claim in his petition. Respondent has not had the opportunity to respond to that claim, but I easily conclude that it does not entitle Hyles to proceed under the savings clause.

Hyles's other motions include two motions for summary judgment (Dkt. Nos. 13, 14), which ask for summary judgment in his favor, but also provide additional arguments in response to Respondent's motion to dismiss; a motion for leave to amend his summary judgment motion to clarify his enumerated grounds 5, 6, and 7 (Dkt. No. 15); a request for leave to amend his objections to the warden's motion to dismiss (Dkt. No. 16); and a motion to clarify his factual arguments presented in other filings (Dkt. No. 18). I have considered these filings (Dkt. Nos. 13–16, 18) insofar as they present additional arguments in opposition to the motion to dismiss. To the extent they request other relief, however, they will be denied as moot. Hyles's other motions (Dkt. Nos. 20–22) also will be denied as moot.[4]

---

[4] These include his motion seeking release on personal recognizance, again relying on *Hahn* (Dkt. No. 20), his motion for preliminary injunction or, in the alternative, for a permanent injunction, requesting that the court order the warden to release him from his unlawful detainer (Dkt. No. 21), and a motion for "default" for the Warden's alleged failure to defend against petitioner's allegations (Dkt. No. 22).

4

## II. DISCUSSION

**A.     The Savings Clause and the *Jones* and *Wheeler* Tests**

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

Section 2255 is inadequate or ineffective to test the legality of a conviction when:

1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prison was convicted is deemed not to be criminal; and

3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[5]

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

In *Wheeler*, 866 F.3d 415, the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied:

1. At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

---

[5] The gatekeeping provisions of § 2255(h) require a prisoner, before filing a "second or successive" § 2255 motion, to receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. *Lester*, 909 F.3d at 710–11 (citing 28 U.S.C. § 2255(h)(1)–(2)).

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

3. The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

4. Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429; *see also Lester*, 909 F.3d at 712 (applying *Wheeler*).

The *Wheeler* Court also affirmed that the requirements of the savings clause are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the *Wheeler* test for the district court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 423–26.

When addressing a § 2241 petition brought pursuant to the savings clause, courts should apply the procedural law of the circuit where the petition is brought and the substantive law of the circuit of conviction. *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019).[6] As Respondent correctly notes, none of the grounds Hyles advances satisfy either *Jones* or *Wheeler* so as to allow him to proceed under § 2241.

**B.     Application of *Jones* and *Wheeler* to Hyles's Claims**

  **1.  Claims Regarding an Insufficient Federal Nexus to Establish Jurisdiction**

All of Hyles's challenges to the jurisdictional nexus in 18 U.S.C. § 1958 or the vagueness of the provision (which include his first, second, parts of his fourth, and his sixth ground) fail to identify any change in substantive law rendering his actions no longer criminal or his sentence

---

[6] The Fourth Circuit has "not definitively resolved whether a petitioner sentenced out of circuit must show that his sentence is illegal under the sentencing circuit's law or, [instead,] our circuit's law," for purposes of *Wheeler*-based claims. *Moss v. Atkinson*, 767 F. App'x 466, 468, n.* (4th Cir. 2019), *cert. denied*, No. 19-683, 2020 WL 411695 (U.S. Jan. 27, 2020). In the absence of a contrary directive from the Fourth Circuit, I will apply the rule from *Hahn* to Hyles's *Wheeler* claims as well as his *Jones* claims, although neither party has identified a difference between Fourth and Eighth Circuit law that would affect my conclusions.

fundamentally defective. Moreover, at least portions of these challenges were already addressed and rejected in his prior § 2241 petition. Accordingly, these claims do not satisfy the *Jones* or *Wheeler* tests and do not entitle him to federal review.[7]

## 2. Claims Related to Causation And *Burrage*

Smith's third claim relies on the Supreme Court's decision in *United States v. Burrage*, 571 U.S. 204 (2014), and he also references *Burrage* in other claims, as well. Assuming, without deciding, that *Burrage* is retroactive on collateral review,[8] that decision does not entitle Hyles to relief. Quite simply, Hyles cannot make even a colorable showing that *Burrage* renders his conduct non-criminal or his sentence fundamentally defective.

*Burrage* dealt with the statutory enhancement under 21 U.S.C. § 841(b)(1)(C), which increases the mandatory minimum from 10 to 20 years and allows a life sentence "if death or serious bodily injury results from the use" of the substance defendant is charged with distributing. In *Burrage*, the person who died had in his system both heroin from the defendant and other drugs. 571 U.S. at 207. Both of the experts who testified concerning causation testified that they could not say whether the person would have lived had he not taken the heroin. *Id.* One testified that heroin "was a contributing factor"; the other testified that the death would have been "[v]ery less likely" without the heroin. *Id.* The district court rejected the jury

---

[7] Hyles acknowledges that his first, second, and sixth grounds fail to satisfy *Wheeler*, but contends that he is relying on the "plain text" of § 2255(e). (Dkt. No. 12 at 5–6; *See also* Dkt. No. 1 at 10 ("These grounds have nothing to do with substantive law, other than grounds 3 and 4.").) In this circuit, a petitioner must satisfy *Jones* (as to his conviction) or *Wheeler* (as to his sentence) to proceed under § 2255(e). Those are the tests the court uses to determine if the § 2255 remedy is "inadequate or ineffective" as set forth in § 2255(e). *Wheeler*, 886 F.3d at 429.

[8] The Fourth Circuit does not appear to have directly addressed the retroactivity of *Burrage*, although it affirmed a district court decision holding it was not retroactive. *See Atkins v. O'Brien*, 148 F. Supp. 3d 547, 552 (N.D. W. Va. 2015) (declining to apply *Burrage* retroactively and citing other cases), *aff'd*, 647 F. App'x 254 (4th Cir. 2016) (affirming "for the reasons stated by the district court"). Some other circuits, however, have held that *Burrage* does apply retroactively on collateral review. *Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016) (recognizing within the circuit that *Burrage* is retroactive on collateral review). This includes the Eighth Circuit, which has done so at least implicitly. *See Ragland v. United States*, 784 F.3d 1213, 1214 (8th Cir. 2015) (granting § 2255 relief where government conceded that *Burrage* applied retroactively on collateral review).

instructions proposed by the defendant, one of which would have required but-for causation, and instead instructed the jury that the Government must prove that the heroin was a "contributing cause" of the death.

In determining the meaning of "death . . . results" where the person who died had more than one possibly lethal drug in his system, the *Burrage* Court explained that a conviction requires that the drug the defendant was distributing be a but-for cause of the death. Specifically, the Supreme Court held that, "at least where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id.* at 218–19.

Hyles appears to make three distinct types of arguments based on *Burrage*, which I address in turn. First, he argues that he wasn't properly indicted for the "death result sentencing enhancement" and "elements of causation." (Dkt. No. 1 at 52.) This is flatly contradicted by the record. The second superseding indictment specifically alleged that death resulted from the conspiracy. (Dkt. No. 1-1 at 22, 25, 28.) Elsewhere (Dkt. No. 6 at 7), Hyles states that the indictment was defective because it failed to indict and charge the offenses of Missouri first-degree murder or the federal murder-statute. (Dkt. No. 6 at 7.) He cites to no law requiring that those offenses or language from those statutes be included in the indictment, and *Burrage* certainly did not address indictments at all, nor did it expand the elements of the drug distribution offense before it, let alone Hyles's offenses of conviction.

Second, Hyles argues that the trial court failed to instruct on but-for causation, and thus he may have been convicted under a lesser standard of causation.[9] As Respondent correctly

---

[9] Related to this, Hyles argues that the "death resulted" language from the statute is unconstitutionally vague. (Dkt. No. 6 1at 10.) That argument, however, cannot be based on *Burrage*, which did not hold that the statute it was addressing, let alone the statue under which Hyles was convicted, was unconstitutionally vague.

8

notes, the jury in Hyles's case was instructed that it must find causation in language tracking the statute. Specifically, the jury was instructed that the government had to prove "the death of Coy L. Smith, Sr., resulted." *Hyles*, No. 1:01-CR-00073, Dkt. No. 555 at 54, 56, 57. That is different than the jury instruction found to be insufficient in *Burrage*, in which the jury was merely instructed that it could find the element of causation satisfied if the drugs sold by the defendant were a "contributing factor" in the death.

To the extent that Hyles is arguing that the jury instruction was insufficient because it did not specifically include language requiring "but-for" causation, he has not demonstrated that such language was required by *Burrage* in his case. First of all, *Burrage* arose in a completely different context and addressed a different statute. Even if the case's holding applies more broadly, though, *Burrage* involved a case where "there was no evidence . . . that [the victim's] heroin use was an independently sufficient cause of [the victim's] his death." *Burrage*, 571 U.S. at 215. In Hyles's case, by contrast, there was ample evidence that the conspiracy and acts in furtherance of it were an "independently sufficient cause of the victim's death."

The evidence at Hyles's trial included testimony that the victim, who had been working with law enforcement making controlled purchases from local drug dealers and had testified against Hyles in a state drug case, was found "shot to death in his bed." The "autopsy revealed that Smith had been shot three times with a nine millimeter, semi-automatic weapon" and "[t]he fatal shot was behind the right ear, at close range. Smith had been shot two additional times in the back." *United States v. Cannon*, 475 F. 3d 1013 (8th Cir. 2007) (setting forth facts from trial and relied upon by the panel in *Hyles*'s appeal, *see United States v. Hyles*, 479 F.3d 958, 961 (8th Cir. 2007)). These facts make plain that the shooting was an independently sufficient cause of death.

In its statement of its holding, *Burrage* suggested that if the drug had been an independently sufficient cause of the death or serious bodily injury, an instruction on but-for causation was not necessary. *See Burrage*, 571 U.S. at 218 ("At least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or seriously bodily injury . . . .") The Eighth Circuit has squarely interpreted *Burrage* in that manner: "Following *Burrage*, the statutory sentencing enhancement in § 841(b)(1)(C) may be proved in two ways: (1) "but-for" cause, or (2) independently sufficient cause." *United States v. Lewis*, 895 F.3d 1004, 1010 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 850 (2019). And many courts have since held that a separate instruction including language about but-for causation was not necessary in cases where the drug distributed by the defendant was an independently sufficient cause, and have distinguished *Burrage* on that ground.

In *United States v. Alvarado*, 816 F.3d 242 (4th Cir. 2016), for example, there was evidence that the individual who died had heroin and two other drugs in his system. But the only expert who testified on causation had testified that it was the heroin that caused the death and, without it, the person would not have died. *Id.* at 248–49. The appellate court held that this was sufficient to satisfy the causation standard set forth in *Burrage*, and so the trial court's refusal to offer additional instructions on its instruction that the jury must find that "death results," despite requests for jury clarification, was neither plain error nor an abuse of discretion. *Id.* at 250. Other courts of appeals have agreed. *E.g.*, *Atkins v. Stancil*, 744 F. App'x 902, 903 (5th Cir. 2018) (per curiam) (holding that a jury instruction utilizing the statutory language of "results from" was sufficient where the medical examiner had concluded the victim died from "acute heroin toxicity" and there was no other claimed cause); *Hancock v. United States*, No. 16-6504, 2018 WL 1666119, at *2 (6th Cir. Jan. 5, 2018) (holding that a prisoner convicted under § 841(b)(1)(C) could not challenge his conviction under § 2255 because the jury instructions

10

tracking the statutory language "were consistent with *Burrage*"), *cert. denied*, 139 S. Ct. 198 (2018)  Applying that authority here, the testimony describing the shot to the head as "the fatal shot" is sufficient to establish it as an independently sufficient cause of the victim's death.

Moreover, Hyles has wholly failed to point to any other evidence suggesting that anything other than the shots from his co-conspirator could have even contributed to, let alone caused, the victim's death.  Hyles insists that he "could have put up a sound defense to contest the evidence that was inimical toward the proof of the element," (Dkt. No. 1 at 55), but he does not note what that defense would have been or what evidence would have shown that some cause *other* than being shot caused the victim's death.  He later refers, in conclusory fashion, to the possibility that death was the result of "suicide" or "accidental."  (Dkt. No. 1 at 56.)  The facts in the case, however, flatly refute this.  The phone wires had been cut in the victim's house and the front light bulb had been unscrewed.  *Cannon*, 475 F.3d at 1018.  Moreover, there was testimony at trial that Cannon—the co-conspirator convicted of the conspiracy to commit murder-for-hire but acquitted of the murder-for-hire charge—later told another individual that he shot Smith behind the ear, at which point Mrs. Smith jumped out of the bed and hid in the closet.  Cannon said he then shot Smith again.  *Id.*  Given these facts, and Hyles's utter failure to point to any facts to support his alternative theories of causation, his suggestion that the death was the result of an accident or suicide is purely speculative.  He has not shown that his conduct is now non-criminal in light of *Burrage*.

Hyles also contends that the "gunshot wound is a contributing cause, but is not the independent sufficient cause that broke the camel's back," because "the gun by itself does not, in itself kill"; instead, "the individual behind the trigger" is the cause of death.  (Dkt. No. 1. at 59.)  And, he argues, the jury did not necessarily find that Cannon was the shooter; in fact, Cannon was convicted of the conspiracy, but acquitted of the murder.  (*Id.*)  First of all, he cites to

11

nothing to support this theory. More importantly, Hyles again fails to explain how this rendered *his* conduct non-criminal or how it invalidates the jury's finding that death resulted from the conspiracy.

My conclusion finds support in the only federal case I could locate discussing *Burrage*'s application to a conviction under 18 U.S.C. § 1958 in the context of § 2241—the Fifth Circuit's decision in *Washington v. Barnhart*, 788 F. App'x 978, 980 (5th Cir. 2019). There, the court concluded that the petitioner could not proceed under § 2241 because he had "not demonstrated that he may have been convicted of a nonexistent offense in view of *Burrage*." *Id.* at 980. The *Washington* Court first noted that the petitioner had not shown error because he could not prove "which standard of causation" was used to determine that death resulted from the offense. *Id*. The same is true of Hyles; the court's instruction simply tracked the language of the statute and required the jury to find that death resulted. The *Washington* Court then concluded that "even if there were *Burrage* error, the error was harmless as there was no dispute as to the cause of death of the victims. The evidence established that Washington and a codefendant shot the victims, and the victims died as a result of the gunshot wounds." *Id.* (citing *United States v. Washington*, 318 F.3d 845, 852–54 (8th Cir. 2003), the petitioner's case on direct appeal). Like the petitioner in *Washington*, Hyles has not shown that there was any *Burrage* error, but even if he had, there "was no dispute as to the cause of death of the victim[]." *See id.*

For all of these reasons, Hyles's arguments challenging the jury instructions as insufficient based on *Burrage* do not satisfy the *Jones* or *Wheeler* tests.

Hyles's third argument based on *Burrage* is somewhat confusing. He contends that because *Burrage* defines the "death results" language from § 1958 in terms of causation, it effectively makes a co-conspirator strictly liable for a resulting death. He claims that this means that he could be convicted without the proper *mens rea* because his offense could be committed

12

without premeditated murder, which requires a higher *mens rea*. He argues that murder does not occur simply because a defendant's actions result in death. This argument, too, fails on its face because it does not demonstrate that his conduct is now non-criminal. Most importantly, he was not indicted for or convicted of murder; he was convicted of violating 18 U.S.C. § 1958, which requires an "intent to commit murder." 18 U.S.C. § 1958. That element was submitted to, and found by, the jury. The jury separately was required to find that death resulted from the conspiracy, and it did so.

In short, his reliance on *Burrage*, in any of its formulations, does not satisfy the savings clause test. Thus, *Burrage* does not entitle Hyles to proceed under *Jones* or *Wheeler*.

### 3. Claim Based on *Alleyne*

Hyles's fourth claim, which is primarily based on *Alleyne*, was already raised in his prior attempt to file a § 2241 motion. For the same reasons I noted in dismissing his last attempt to bring these claims in a § 2241 petition, I will dismiss them again. Specifically, *Alleyne* is not retroactive on collateral review.[10] *Hyles*, No. 7:18-cv-183, Dkt. No. 9 (setting forth authority from various circuits so holding); *see also Walker v. United States*, 810 F.3d 568, 575 (8th Cir. 2016) (*Alleyne* is not retroactively applicable). Thus, Hyles cannot bring this claim under *Jones* or *Wheeler*.

### 4. Insufficiency of the Evidence

In Hyles's fifth claim, he asserts that the evidence was insufficient to convict him. As with his other grounds for relief, though, he fails to identify either any newly discovered evidence or any change in substantive law that renders his previously unlawful conduct no longer criminal or his sentence fundamentally defective. Further, to the extent he relies on *United*

---

[10] Hyles acknowledges that courts have held *Alleyne* is not retroactive, (Dkt. No. 1 at 70), but repeatedly attempts to make a distinction between the "procedural" and "substantive" holdings of *Alleyne*. He cites to nothing that supports this distinction and fails to demonstrate that any portion of *Alleyne* is retroactive.

13

*States v. Delpit*, 94 F.3d 1134 (8th Cir. 1996), that case was decided in 1996, before he was convicted. Accordingly, it cannot be the change in substantive law required by the second *Jones* and *Wheeler* requirements in order to allow Hyles to proceed under § 2241, which must occur after the petitioner's direct appeal and his first § 2255 motion.

### 5. Claim Based on *Hahn*

In his supplemental claim, based on *Hahn v. Mosely*, 931 F.3d 295 (4th Cir. 2019), Hyles appears to rely solely on the concurrence in *Hahn*, which says that a § 2241 petitioner is not required to show actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995). (*See* Dkt. No. 17 at 3.) Regardless, *Hahn* did not constitute a change in substantive law applicable to Hyles and does not provide any basis for proceeding under § 2241.[11]

## III. CONCLUSION

Having found that Hyles does not satisfy the *Jones* or *Wheeler* tests for seeking relief under the savings clause of § 2255(e), he does not qualify for relief under § 2241, and jurisdiction over his § 2241 petition is lacking. Accordingly, I will dismiss his petition without prejudice for lack of jurisdiction.

An appropriate order will be entered.

**ENTER**: This 17th day of March, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[11] Hyles has submitted more than two hundred pages of hand-written text in his petition and various other filings. Throughout those pages, he cites to other cases as part of his arguments, most of which were decided before his conviction. Many of the others are simply inapplicable to the inquiry before the court or do not entitle him to relief. Accordingly, I do not address them further.

14